**WAIDER v. CHICAGO, R. I. & P. RY. CO.**
No. 1–42.

United States District Court
S. D. Iowa, Davenport Division.
May 8, 1950.

A. G. Bush, Davenport, Iowa (Ralph G. Smith, Richard B. Swift, Norman M. Peterson and Curtis Bush, all of Davenport, Iowa, on the brief), for the plaintiff.

A. B. Howland, of Gamble, Read, Howland, Gamble & Riepe, Des Moines, Iowa, for defendant Railway Company.

SWITZER, District Judge.

This matter came on for hearing before the court at Davenport, Iowa, on the motion of the defendant to strike and suppress certain interrogatories which plaintiff had duly served upon the defendant. Argument thereon was had both orally and by written briefs.

Interrogatories were propounded by plaintiff, in part to be answered by the defendant, and in part, to be answered by the following:

1. The engineer and fireman of the engine referred to in paragraph 5 of defendant's answer. (Interrogatories 1–8.)

2. The engineer and fireman upon the switch engine standing upon the switch track on a side track a short distance from the Schmidt Road at the time of the collision between defendant's engine and plaintiff's automobile on or about the 10th day of March, 1949. (Interrogatories 1–6.)

3. The watchman on duty at the Schmidt Road crossing of defendant railroad at the time of the collision on March 10, 1949. (Interrogatories 1–6.)

To which the defendant filed its motion to strike and to suppress the interrogatories to be answered by the engineer and fireman of the freight train, the engineer and fireman of the switch engine and by the watchman on the following three grounds:

1. Plaintiff had no right under the Federal Rules of Civil Procedure, 28 U.S.C.A., to propound interrogatories to possible witnesses in a case.

2. That said interrogatories are beyond the scope of those authorized by the Federal Rules.

3. That plaintiff has available to her the right under the Rules to take depositions of said witnesses, which right is the exclusive procedure for discovery of facts within the knowledge of such witness.

The matter was fully argued by counsel for the respective parties and the court has had the benefit of an exhaustive and well conceived brief and argument on the part of the plaintiff, wherein plaintiff argues earnestly that the engineer and fireman on both the defendant's freight engine and switch engine, as well as the crossing watchman, are "agents" within the meaning of Rule 33 Federal Rules of Civil Procedure, which provides in part as follows:

"Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party. * * *

"Interrogatories may relate to any matters which can be inquired into under Rule 26(b), and the answers may be used to the same extent as provided in Rule 26(d) for the use of the deposition of a party. Interrogatories may be served after a deposition has been taken, and a deposition may be sought after interrogatories have been answered, but the court, on motion of the deponent or the party interrogated, may make such protective order as justice may require. * * *

"The provisions of Rule 30(b) are applicable for the protection of the party from whom answers to interrogatories are sought under this rule."

Rule 26(b) of the Federal Rules of Civil Procedure provides: "Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

It seems clear as stated in Professor Moore's Federal Practice, 1948 Cumulative Supplement, p. 114, Section 33.01, and repeated by the court in Munzer v. Swedish American Line, D.C., 35 F.Supp. 493, 497, and in Meyerson v. Southwestern Greyhound Lines, D.C.N.D.Ohio, 4 Federal Rules Service 33.22, that—

"Rule 33 merely provides a method of obtaining discovery from an adverse party which may be used in lieu of taking his deposition upon written interrogatories, so that the scope of discovery under Rule

33 may be as broad as discovery by deposition."

"Thus it would seem that Rule 33 will be utilized chiefly because it is a less expensive method of obtaining discovery from an adverse party than the taking of his deposition upon oral examination or upon written interrogatories."

Rule 33, above quoted, was amended effective March 19, 1948, the clear purpose of which was to prevent a corporate defendant or officer thereof from circumventing the plain import of the discovery mechanism by responding to any given interrogatory to the effect that he had no personal knowledge of the subject matter of the interrogatory. Munzer v. Swedish American Line; Meyerson v. Southwestern Greyhound Lines, Inc.; supra

The editorial comment by Professor Moore, under Section 33.04 of the 1948 Supplement, corroborates this point of view, wherein the following appears: "This amendment would make clear that the position of the Treatise is sound, to-wit, that a corporation, like an individual, must disclose information that is available to it. * * * The amendment would require any officer to furnish such information as is available to the corporation. In addition the amendment would require any agent to furnish like information, and thus enlarges the type of individuals who must disclose corporate information."

If therefore, as contended by the plaintiff, the respective engineer, fireman and crossing watchman could be construed by this court to be agents within the meaning of the rule above quoted, it would not be within the power of this court to strike or suppress the interrogatories in question. I must conclude, however, with due deference to the many cases bearing upon the subject cited in the plaintiff's brief, that to hold these persons to be "agents" for the purposes now before us would be a strained and unreal interpretation of the commonly accepted definition of the word and would open the door to the perpetration of fraud and prejudice to the end that the suppression of substantial justice might result. If this court were to hold that a crossing watchman or an employee in a comparable station could be directly interrogated under Rule 33 as an "agent" of a corporate party, all sorts of evils could likely result.

It is, of course, possible to find respectable authority tending to support the theory that engineers, firemen and even crossing watchmen are agents of their respective employers for certain purposes and under certain specific statutes in the respective jurisdictions. Careful analysis of these decisions however forces the conclusion that the statutory basis and the fact situations distinguish them clearly from the one confronting us here. Despite the exhaustive character of plaintiff's brief and the court's independent inquiry, there seems to be no authority directly deciding the point at issue here and it is a case of first impression.

The better definition as applicable to the word "agent" under Rule 33 would seem to be the one pronounced in Mechem on Agency, 2d Ed., p. 21: "The characteristic of the agent is that he is a business representative. His function is to bring about, modify, affect, accept performance of, or terminate contractual obligations between his principal and third persons. To the proper performance of his functions therefore, it is absolutely essential that there shall be third persons in contemplation between whom and the principal legal obligations are to be thus created, modified or otherwise affected by the acts of the agent."

Under the law of torts it is immaterial that an employee of another be a servant or an agent, for either creates liability upon the master or principal for torts committed within the scope of their employment or authority under the doctrine of respondeat superior. The cases cited by counsel with reference to this phase of the agency question need not be set forth here, except thus to make mention of them and to observe that no clear cleavage or distinction appears to be drawn in any of them because of the funda-

mental rule relating to liability above enumerated.

■ It is true that the Federal Rules of Civil Procedure should be and are by the courts liberally construed. Beler v. Savarona Ship Corporation, D.C., 26 F. Supp. 599; Michel v. Meier, D.C., 8 F. R.D. 464; Dipson Theatres v. Buffalo Theatres, D.C., 8 F.R.D. 313. It is equally true that by the tenor of recent decisions this liberal trend is continuing; the purpose being to promote the easy and speedy disposition of causes of action, the elimination of surprise to each party and the quest for substantial justice. Chenault v. Nebraska Farm Products, D.C., 9 F. R.D. 529. This view has been heretofore and is now adopted by this court. I must not, however, read into the statute something which is not there. It may well be that in keeping with the broad and liberal treatment given to the Rules that the term "agent" as used in Rule 33 will in the future be further expanded to include "employees." Such interpretation cannot however be placed upon it by this court at this time.

■ Defendant contends in paragraph 3 of its motion to suppress that the exclusive remedy available to the plaintiff by which to obtain the information sought by the interrogatories, which have in this ruling been suppressed, is by deposition. I cannot concur in this view. Rule 33, Federal Rules of Procedure; Canuso v. City of Niagara Falls, D.C., 4 F.R.D. 362; Hoffman v. Wilson Line, D.C., 7 F.R.D. 73. There is clearly a means by which the information sought by the plaintiff can be obtained short of the discovery deposition method under the Rules.

The motion of the defendant should therefore be sustained, and the Clerk will enter the following order:

The above entitled matter came on for hearing in open court at Davenport, Iowa, on the motion of the defendant to strike and suppress certain interrogatories propounded by the plaintiff and, the court being duly advised:

It is ordered that the motion of the defendant should be, and it is hereby, sustained, and the interrogatories of the plaintiff to the persons enumerated on page 1 of this ruling, be and they are hereby suppressed and quashed. Plaintiff excepts.