OWEN, Judge.
Appellant was defendant in a mortgage foreclosure suit. In answer to the complaint, appellant denied that the note and mortgage was in default and alleged affirmatively that prior to the time that plaintiff declared the note and mortgage in *177 default for nonpayment of an interest installment, payment had been tendered by defendant and refused by plaintiff. After the cause was at issue the court entered its order of April 9, 1970, striking defendant’s answer to the complaint and entering a default judgment against the defendant appellant for its failure to comply with a prior order entered February 3, 1970, requiring certain interrogatories to be answered. On this appeal from the final judgment defendant appellant complains of the court’s order of April 9, 1970, striking its pleadings and entering a default judgment against it.
After defendant filed its answer alleging that it had tendered payment of the interest installment before the same was in default, plaintiff filed in this cause (with service of copy upon defendant’s counsel) an instrument entitled “Interrogatories”, in the following language:
“The Plaintiff, LAWYERS TITLE INSURANCE CORPORATION, demands that the Defendant, OHIO REALTY INVESTMENT COMPANY, through Edward Strang, Jr., its President, answer separately and fully in writing under oath the following interrogatories, in accordance with the Florida Rules of Civil Procedure. * * * ”
When no answer was forthcoming, plaintiff filed a motion to strike the defendant’s pleadings. Affidavit of defendant’s counsel was filed asserting that Mr. Strang was then incarcerated. By order entered February 3, 1970, the motion was denied and the defendant ordered to answer the interrogatories within fifteen days. Within the time limit of that order the defendant did answer the interrogatories under oath through its assistant secretary, Francis T. Ryan. Plaintiff again filed a motion for an order striking defendant’s pleadings and for entry of default judgment against the defendant for failure to answer the interrogatories as ordered by the court. Hearing on this motion resulted in the order of April 9, 1970, striking the defendant’s pleadings and entering a default judgment against the defendant.
As noted above, the record discloses that appellant, Ohio Realty Investment Company, answered the written interrogatories within the time ordered by the court. It is therefore apparent (although the order does not expressly so state) that any finding that the defendant Ohio Realty Investment Company had failed to answer the interrogatories as ordered by the court is based solely upon the fact that such interrogatories were answered on behalf of the defendant by Francis T. Ryan, Assistant Secretary, rather than by Edward Strang, Jr., President. The parties to this appeal acknowledge in their briefs and in oral argument before this court that such was the basis upon which the trial court found that the answers to interrogatories failed to comply with the court’s order of February 3, 1970, which stated:
“The defendant, Ohio Realty Investment Company, is hereby ordered to answer the interrogatories propounded.”
The interrogatories were served under Rule 1.340, RCP, 30 F.S.A., the first sentence of which reads as follows:
“Any party may serve upon any other party written interrogatories to be answered by the party served or if the party served is a public or private corporation or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party.” (Emphasis supplied)
The question is whether under this rule the propounder of an interrogatory served upon a corporate party has the right to designate the specific officer or agent who must answer the interrogatories. A corollary question is whether in cases where interrogatories are served upon a corporate party under this rule, the trial court may order such corporate party to answer the interrogatories by an officer or agent designated by the propounder or by the court. We have found no Florida cases on these *178 questions and we therefore look to authorities under the federal rule counterpart, Rule 33, Federal Rules of Civil Procedure. Carson v. City of Fort Lauderdale, Fla. App.1965, 173 So.2d 743; Wider v. Carra-way, Fla.App.19S8, 101 So.2d 13.
In Holland v. Minneapolis-Honeywell Regulator Co., U.S.D.C., D.C., 28 F.R.D. 595 (1961) it was held that Rule 33 permitted interrogatories to be served only on an adverse party, and if such party was a corporation, the propounder of the interrogatories did not have the right to select the particular officer or agent who would answer the same. In the case of Holler v. General Motors Corp., E.D.Mo., 3 F.R.D. 296 (1944) the plaintiff had propounded interrogatories to the corporate defendant under Rule 33, and although plaintiff had not designated the particular officer or agent whom he wished to have answer the same (thereby distinguishing it from the instant case), nonetheless complained that the person who did answer the interrogatories on behalf of the corporate defendant was not an officer “competent” to testify for the defendant. In its opinion, the court stated:
“If plaintiff desires to have the testimony of an officer of the corporation, or an employee thereof, he certainly can obtain it by proceeding under Rule 31 ‘Depositions of witnesses upon written interrogatories.’ The provision of the rule with respect to the person who may answer interrogatories and make oath thereto is rather broad, as it should be. After all, the responsiblity for answering the interrogatories is upon the person or the corporation to which they are directed, and why, in the case of a corporation, should it, in its corporate capacity, not be the best judge as to the identity of the person to make answers for it? After all, it is the only one to be bound by the answers, and the only one to meet the responsibility arising from such answers.”
There is authority that suggests that the interrogating party should designate the officer or agent who is to answer the interrogatories. See Kennedy v. Mississippi Valley Barge Line Co., W.D. Pa. 1946, 7 F.R.D. 78; Waider v. Chicago, R. I. & P. Ry. Co., S.D.'Iowa, 1950, 10 F.R.D. 263. However, in 2A Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Section 774, we find the following statement:
“The better view would seem to be that the interrogatories should be addressed only to the party and that the party should select the officer or agent to answer for it.”
In 4 Moore’s Federal Practice, |j 33.07 at 33-47, we find the following statement:
“These considerations have led the courts to the position that the interrogatories must be served on the party, and that the party may select the officer or agent who is to answer them and verify the answers. Prior to the 1946 amendment, when ignorance of the officer selected to answer could be raised as an excuse for not answering an interrogatory, it could be argued that it was an important right of the interrogating party to choose the person who was to provide the answers. It is clear since the 1946 amendment, however, that whoever answers the interrogatories and verifies the answers on behalf of the corporation, the corporate party is the only one ‘to meet the responsibility arising from such answers’, and will be estopped to deny the authority of the person chosen by it to speak for it, or to deny the truthfulness of the answers. It is equally clear that whoever it is who answers the interrogatories, the answers must include whatever information is available to the party. This being true, it seems to make little or no difference to the interrogating party who verifies the answers and since there seems to be no reason why the interrogated party might not choose any agent it likes, the interpretation of who may be termed an ‘agent’ under the Rule becomes completely unimportant.” (Footnotes omitted)
*179 Interrogatories propounded under Rule 1.340 may be addressed only to a party. If that party is a corporation, it, rather than the propounder, is the sole judge of the officers or agents who shall furnish the information available to the interrogated corporate party. If the testimony of any particular officer or agent is expressly desired by the propounder of the interrogatories, such can be obtained under Rule 1.-310 (deposition upon oral examination) or Rule 1.320 (depositions of witnesses upon written interrogatories). There is no basis under Rule 1.340 to warrant the propound-er of the interrogatdry designating the particular officer or agent of the interrogated corporate party who must answer the interrogatories, and likewise there is no basis upon which the court may order that interrogatories propounded to a corporate party under Rule 1.340 be answered by a specific officer or agent designated by the court. Thus, in the instant case, the court’s order requiring the defendant appellant to answer the interrogatories could not lawfully require the same to be answered by a designated person, although the order was otherwise proper. Since appellant did timely answer the interrogatories, the order of April 9, 1970, striking appellant’s answer and entering default judgment was error. The final judgment of foreclosure, having been entered consequent upon the default judgment rather than upon the merits, must be reversed.
We note in passing that the order of April 9, 1970, did not contain a finding on the part of the trial court that the defendant’s alleged failure to comply with the order was due to a refusal to do so. Even if it had been proper for the court to require the interrogatories to be answered only by Edward Strang, Jr., as president of appellant corporation, the record certainly does not conclusively reveal that the defendant’s failure to comply with such a requirement was a refusal to do so. We held in Swindle v. Reid, Fla.App., 242 So. 2d 751, opinion filed October 23, 1970, that in the absence of an express finding by the court that the plaintiff’s failure to comply with an order to produce certain documents was a refusal, or in the absence of the record conclusively revealing such, it was an abuse of discretion to dismiss the complaint with prejudice for the plaintiff’s failure to comply with the order. This same view would apply to an order which struck the defendant’s pleadings and entered a default judgment against it as a sanction for its failure to comply with an order to answer interrogatories.
The final judgment in this case is reversed and this cause remanded with instructions that the trial court shall vacate the default judgment against the appellant, reinstate defendant’s pleadings, and conduct such further proceedings thereafter as may be necessary.
Reversed and remanded.
CROSS, C. J., and DRIVER, B. J., Associate Judge, concur.