PER CURIAM.
Defendant Broward County seeks review of an order entered on May 30, 1984, compelling it to answer interrogatories directed to its former employee, Eziekiel Rivera. Mr. Rivera was dismissed from the suit as a party defendant on April 19, 1984.
The challenged order clearly represents a departure from the essential requirements of law, as the trial court had no authority to order petitioner to respond to interrogatories directed to a non-party, see Fla.R.Civ.P. 1.340 and 1.380(a)(2). Moreover, interrogatories served upon a governmental agency are to be answered by an “officer or agent” thereof “with information available to that party.” Fla.R.Civ.P. 1.340. Thus, the court had no authority to compel petitioner to obtain the desired information from its former employee.
Because the error complained of cannot be adequately redressed by appeal, see Donahue v. Hebert, 355 So.2d 1264 (Fla. 4th DCA 1978); West Volusia Hospital Authority v. Williams, 308 So.2d 634 (Fla. 1st DCA 1975), we grant the writ and quash the order compelling petitioner to answer interrogatories directed to Mr. Rivera.
Petitioner also challenges an order overruling its objection to a notice to produce certain repair bills and estimates at the *1070 offices of plaintiffs attorneys arguing that it should not be required to deliver the documents to the offices of its adversary. It contends that it is only obligated to permit inspection of its records by respondent during normal business hours at the petitioner’s offices.
We do not find that any error has been demonstrated in this regard. Where an objection is made to the “time, place or manner” of production, and the parties are unable to agree, the trial court may, upon motion, enter an order under Rule 1.380(a) specifying the time, place and manner, and may further order who shall pay the cost of transporting the documents to the specified place of inspection. Cf Fed.R.Civ.P. 34(b); 4A J. Moore, J. Lucas & D. Epstein, Moore’s Federal Practice § 34.19 (2d ed. 1984). In this case, we cannot say that the trial court abused its discretion in overruling the petitioner’s objection as to the requested place of production. Discovery which is otherwise appropriate should not be refused solely because production of documents would hamper a party’s business operations. Id. at § 34.19[2], See also Baxter Travenol Laboratories, Inc. v. LeMay, 93 F.R.D. 379 (S.D. Ohio 1981) (holding that an unwieldy record-keeping system, requiring heavy expenditures of time and money to produce relevant documents is not an adequate excuse to refuse discovery).
Consequently, we deny the writ insofar as it seeks to quash the order requiring petitioner to produce certain documents at the offices of plaintiff’s attorneys, but we grant the writ and quash the order compelling answers to interrogatories.
GLICKSTEIN, HURLEY and WALDEN, JJ., concur.