997 So.2d 1225 (2008)
Abbey PARKER, Petitioner,
v.
Tia Arlene JAMES, Respondent.
No. 2D08-3024.
District Court of Appeal of Florida, Second District.
December 31, 2008.
W. Thomas Wadley of Yanchuck, Berman, Wadley & Zervos, P.A., St. Petersburg, for Petitioner.
Randy L. Stowell of Reynolds Stowell Parrino, P.A., St. Petersburg, for Respondent.
WALLACE, Judge.
Abbey Parker, the plaintiff in the court below, petitions this court for a writ of certiorari to quash an order compelling two of her treating physicians to answer expert witness interrogatories propounded to them by Tia Arlene James, the defendant. We hold that the circuit court's order departed from the essential requirements of the law, causing material injury to Ms. Parker for which there is no adequate remedy at law. Accordingly, we grant the petition and quash the circuit court's order.

THE FACTS AND PROCEDURAL HISTORY
Ms. Parker filed an action for motor vehicle negligence against Ms. James in the Pinellas County Circuit Court. Ms. *1226 James defended the action and deposed two of Ms. Parker's treating physicians concerning the nature and extent of Ms. Parker's injuries. After the depositions had been completed, Ms. James served "Interrogatories to Non-Party Expert/Medical Witness" on each of the two physicians.
Ms. Parker promptly objected to the service of the interrogatories on the ground that "[t]he procedure invoked is not permitted under the Florida Rules of Civil Procedure." Ms. James responded with a motion asking the circuit court to overrule the objection and to compel the two physicians to answer the interrogatories. In support of the motion, Ms. James cited the cases of Allstate Insurance Co. v. Boecher, 733 So.2d 993 (Fla.1999), and Elkins v. Syken, 672 So.2d 517 (Fla.1996). After a hearing, the circuit court granted the motion in part and ordered both physicians to answer three of the six interrogatories that had been propounded.[1] Ms. Parker's petition for writ of certiorari followed.

THE STANDARD OF REVIEW
Certiorari review "is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal." Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). We have jurisdiction for certiorari review in this case because compelling Ms. Parker's nonparty physicians to respond to interrogatories creates the potential for irreparable harm. Cf. Broward County v. Kerr, 454 So.2d 1068, 1069 (Fla. 4th DCA 1984) (finding that an order directing a party to respond to interrogatories directed to its former employee was an error that could not be adequately addressed by appeal); Univ. of Tex. at Austin v. Vratil, 96 F.3d 1337 (10th Cir.1996) (granting a writ of prohibition and vacating an order requiring nonparties to answer interrogatories propounded by one of the parties). Because we have jurisdiction, we must consider whether the circuit court's order departs from the essential requirements of law.

INTERROGATORIES ARE FOR PARTIES
In this court, the parties have devoted their arguments almost exclusively to the question of whether the kind of discovery authorized under Florida Rule of Civil Procedure 1.280(b)(4)(A)(iii) may be obtained regarding a claimant's treating physicians. We need not reach this issue. There is simply no authority under the Florida Rules of Civil Procedure for propounding interrogatories to a nonparty, whether the nonparty is classified as a "treating physician" or as an "expert witness." Rule 1.280(b)(4)(A)(i) provides that a party may obtain the identity of potential expert witnesses, the subject matter on which the expert is expected to testify, and the substance of the facts and opinions to which the expert is expected to testify by interrogatories directed to "any other party." Rule 1.280(b)(4)(A)(iii) authorizes a party to obtain certain types of discovery "regarding any person disclosed by interrogatories or otherwise as a person expected to be called as an expert witness at trial."[2] But there is no provision in rule *1227 1.280 that authorizes the service of interrogatories on a nonparty. Significantly, the procedure for obtaining discovery by the use of interrogatories is found in Florida Rule of Civil Procedure 1.340, which is titled "Interrogatories to Parties."
Rule 1.340 provides, in pertinent part:
(a) Procedure for Use. Without leave of court, any party may serve upon any other party written interrogatories to be answered (1) by the party to whom the interrogatories are directed, or (2) if that party is a public or private corporation or partnership or association or governmental agency, by any officer or agent, who shall furnish the information available to that party.
(Emphasis supplied.) This court has previously noted that interrogatories propounded under the rule may be served only on a party:
The rules of civil procedure provide for certain discovery tools that may be used only by one party on another party. See, e.g., Fla. R. Civ. P. 1.340 (interrogatories to parties); Fla. R. Civ. P. 1.350 (production of documents); Fla. R. Civ. P. 1.370 (requests for admissions). Discovery from nonparties must be had by deposition or subpoena duces tecum. See, e.g., Fla. R. Civ. P. 1.310 and 1.320.
Sjuts v. State, 754 So.2d 781, 782 (Fla. 2d DCA 2000); see also Ohio Realty Inv. Co. v. Lawyers Title Ins. Corp. of Richmond, Va., 244 So.2d 176, 179 (Fla. 4th DCA 1971) ("Interrogatories propounded under Rule 1.340 may be addressed only to a party."). The restriction on the use of interrogatories to parties may not be evaded by requiring a party to respond to interrogatories directed to a nonparty. See Kerr, 454 So.2d at 1069. Thus interrogatories may not be served on nonparties whether the nonparty witness is a fact witness or an expert witness.

CONCLUSION
There is no authority under the Florida Rules of Civil Procedure or in Florida case law for propounding interrogatories to a nonparty witness, expert or not. Accordingly, the circuit court departed from the essential requirements of law in ordering Ms. Parker's physicians to respond to the interrogatories. Cf. id. (holding that an order compelling a party to respond to interrogatories directed to its former employee represented a departure from the essential requirements of law). Because the order will cause irreparable injury that cannot be remedied on appeal, we grant the petition and quash the circuit court's order.
Petition granted; order quashed.
ALTENBERND, J., and GALLEN, THOMAS M., Senior Judge, Concur.
NOTES
[1] The three interrogatories that the physicians were ordered to answer sought information of the kind described in Florida Rule of Civil Procedure 1.280(b)(4)(A)(iii).
[2] The type of discovery authorized under rule 1.280(b)(4)(A)(iii) includes the following items:

1. The scope of employment in the pending case and the compensation for such service.
2. The expert's general litigation experience, including the percentage of work performed for plaintiffs and defendants.
3. The identity of other cases, within a reasonable time period, in which the expert has testified by deposition or at trial.
4. An approximation of the portion of the expert's involvement as an expert witness, which may be based on the number of hours, percentage of hours, or percentage of earned income derived from serving as an expert witness; however, the expert shall not be required to disclose his or her earnings as an expert witness or income derived from other services.