DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANIEL S. NEWMAN,** etc., et al.,
Petitioners,

v.

**MAYER BROWN, LLP,** et al.,
Respondents.

No. 4D17-3416

[July 25, 2018]

Petition of writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joseph Murphy, Judge; L.T. Case No. 10-49061.

Leo B. Reus, Scot C. Stirling and Robert O. Stirling of Beus Gilbert PLLC, Phoenix, and Stuart Z. Grossman and Rachel W. Furst of Grossman Roth Yaffa Cohen, P.A., Coral Gables, for petitioners.

Eugene K. Pettis and Debra P. Klauber of Haliczer, Pettis & Schwamm, Fort Lauderdale, for respondents.

FORST, J.

Petitioner Daniel Newman ("the Receiver") seeks certiorari review of a non-final order that granted Respondent Mayer Brown, LLP's motion to compel discovery with respect to thirty-eight nonparties. Below, Newman was appointed as a receiver for these thirty-eight investor entities and individuals ("Assignors"), which all contractually assigned their claims against Mayer Brown to the Receiver. The latter is the plaintiff, and Mayer Brown is one of the defendants in the underlying action.[1] During discovery, Mayer Brown moved to compel the Receiver to produce documents and comply with deposition requests concerning the Assignors. The trial court granted the motion and the Receiver filed the instant petition for writ of certiorari, arguing that the trial court erred in compelling discovery because the Assignors were nonparties and thus could not take part in discovery without a subpoena. As set forth below,

---

[1] Ernst & Young was also a defendant in the case, but the instant petition does not involve it.

we deny the petition.

## Background

In May 2009, Newman was appointed by the United States District Court for the Middle District of Florida as a receiver for claims of securities fraud filed by four hedge funds ("Founding Partners") and for the Founding Partners Capital Management Co. ("FPMC").[2] The federal court order appointing the Receiver gave him authority to assert claims "for the benefit and on behalf of" the four funds and "their investors and other creditors," i.e., the Assignors.[3] Newman filed suit against Mayer Brown, a law firm, which allegedly facilitated the fraud.[4] The suit was filed by Newman both in his capacity as Receiver for the funds and as the "Assignee" of claims belonging to thirty-eight individual or entity investors in the funds.

Both parties filed discovery requests. At issue is Mayer Brown's request for the production of privilege logs by the nonparty Assignors and its request that the Assignors appear for deposition. The Receiver refused to comply with these discovery requests, arguing that he did not represent the Assignors and that they are not parties to this action. He further claimed he was not in custody, possession or control of the Assignors' documents and could not force the Assignors to produce documents or appear for depositions.

Mayer Brown filed a motion to compel compliance with its discovery requests, arguing at the subsequent hearing that "a defendant who is sued on an assigned claim may not be subjected to a greater discovery burden than if the claim had not been assigned." The assignment agreements entered into by the Receiver with each of the thirty-eight Assignors are central to Mayer Brown's contention that the assignments provide benefits to the Assignors, as each assignment states that "any recoveries made on [the Receiver's] Claims [related to the individual assignor's investment in the funds] shall benefit all creditors and investors . . . to the extent determined appropriate by the Receiver or directed by the Court . . . ."

---

[2] The four hedge funds are (1) Founding Partners Stable-Value Fund, L.P.; (2) Founding Partners Stable-Value Fund II, L.P.; (3) Founding Partners Hybrid-Value Fund, L.P.; and (4) Founding Partners Global Fund, Ltd.

[3] The Assignors are individuals, IRAs, trusts, LLCs, partnerships, and other entities.

[4] The complaint contends Mayer Brown is guilty of (1) professional malpractice; (2) aiding and abetting breaches of fiduciary duty; (3) aiding and abetting fraud; (4) aiding and abetting breaches of statutory duties; (5) negligent misrepresentation; and (6) fraud.

2

Mayer Brown furthermore noted that the Assignors "agree[d] to provide reasonable cooperation and assistance to the Receivers' (sic) legal counsel and/or the Receiver in connection with the Claims" and set forth details of this cooperation and assistance, including an agreement to appear for deposition and "delivering a sworn or written statement of facts known to Assignor."

Newman responded that the Assignors were not parties and Mayer Brown should therefore use subpoenas and "discovery devices that are appropriate for non-parties."

The trial court granted Mayer Brown's motion to compel. The order states that the Assignors "shall be treated as parties to the case *for discovery purposes* in producing documents and appearing for deposition . . . with the same protections and obligations applying to the Assignors as apply to [the] parties." (emphasis added). The Receiver filed the instant petition seeking certiorari review of the order.

## Analysis

"[R]eview by certiorari is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal." *Allstate Ins. Co. v. Langston*, 655 So. 2d 91, 94 (Fla. 1995). The critical inquiry for jurisdictional purposes is whether the order "creates material harm irreparable by postjudgment appeal." *Bared & Co. v. McGuire*, 670 So. 2d 153, 156-57 (Fla. 4th DCA 1996) (quoting *Parkway Bank v. Fort Myers Armature Works, Inc.*, 658 So. 2d 646, 649 (Fla. 2d DCA 1995)).

The Receiver makes several arguments in his petition, the main one being that because the Assignors are nonparties, the trial court departed from the essential requirements of the law by compelling them to respond to discovery requests without notice. He contends that Florida Rule of Civil Procedure 1.351 mandates that only a subpoena can compel discovery of nonparties.[5] The Receiver cites to *Parker v. James*, 997 So. 2d 1225 (Fla. 2d DCA 2008), and *Graham v. Dacheikh*, 991 So. 2d 932

---

[5] Rule 1.351 states in relevant part that "[a] party may seek inspection and copying of any documents or things within the scope of rule 1.350(a) from a person who is not a party by issuance of a subpoena directing the production of the documents or things when the requesting party does not seek to depose the custodian or other person in possession of the documents or things." Fla. R. Civ. P. 1.351(a).

(Fla. 2d DCA 2008), among others, to assert the general proposition that an order requiring production of nonparties without notice "departs from the essential requirements of the law and causes irreparable injury to the privacy rights of nonparties who have been given no notice and no opportunity to be heard in this proceeding." *Graham*, 991 So. 2d at 933.

Mayer Brown answers that the cases relied upon by the Receiver involve traditional nonparties who lack a direct stake in the litigation. The assignors in the instant case, by contrast, retain a financial interest.

We agree that the cases cited by the Receiver are distinguishable. First, the Assignors are not traditional "nonparties" under Rule 1.351. As noted above, the Receiver entered into a contractual agreement with each of the thirty-eight Assignors, in which the Receiver agreed that any recovery in litigation brought by the Receiver "shall benefit all creditors and investors . . . to the extent determined appropriate by the Receiver or directed by the Court." As the Receiver's attorney admitted at the hearing on the motion to compel, the Assignors stand to gain "something in the hundreds of millions of dollars" should the Receiver prevail in the underlying action.

Though we can find no Florida case on point, various federal courts have held, under the similarly-worded Federal Rules of Civil Procedure,[6] that because assignors retained substantial, financial interests in their assigned claims, they could be treated as de facto parties for purposes of discovery "when to do otherwise would frustrate discovery, regardless of whether this frustration is intentional or not." *In re Infant Formula Antitrust Litig.*, No. MDL 878, 1992 WL 503465, at *9 (N.D. Fla. Jan. 13, 1992) (citing *Natta v. Hogan*, 392 F.2d 686, 691 (10th Cir. 1968)). *See also Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-4394, 2016 WL 4613390, at *3 (S.D.N.Y. Aug. 31, 2016) (holding that "an assignee, pressing the rights of its assignors . . . must also assume the discovery obligations of those assignors."); *JPMorgan Chase Bank v. Winnick*, 228 F.R.D. 505, 506 (S.D.N.Y. 2005) ("It is both logically inconsistent and unfair to allow the right to sue to be transferred to assignees . . . free of the obligations that go with litigating a claim."); *Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 148 (S.D.N.Y. 1997) (holding that it would be "anomalous" for an assignor bank that had a "substantial interest" in the underlying case, to assign its claims and "to frustrate [the defendant's] right to discover documents in [the assignor's] possession.").

---

[6] Federal Rule of Civil Procedure 34 requires, just like Rule 1.351, that a court first issue a subpoena before compelling certain discovery of nonparties. FED. R. CIV. P. 34.

These federal cases recognize, as do we, that it would be patently unfair to allow assignors to use the assignment contract as both a shield and a sword, allowing them on the one hand to evade good faith discovery requests by adverse parties, and on the other ultimately reap the benefits of any damages awarded to them by way of their assigned actions. *See, e.g., JPMorgan Chase Bank*, 228 F.R.D. at 506 ("If the plaintiff's theory carried the day, the assignor would be able to assign a claim more valuable than it could ever have, because its claim, if pursued by the assignor, would entail certain obligations that, when assigned, would magically disappear."). *See also In re Skelaxin (Metaxalone) Antitrust Litig.*, No. 1:12-md-2343, 2014 WL 129814, at *2 (E.D. Tenn. Jan. 10, 2014) (holding that "it would be wholly unfair for Plaintiffs to step into the shoes of the assignors for the purposes of bringing their claims and not also assume a claimant's attendant discovery obligations.").

Not only do the Assignors in this case have a financial interest in the litigation, but they also agreed in the assignment contracts entered into with the Receiver to contribute to discovery matters during the course of litigation, including "delivering . . . sworn or written statements of facts known to Assignor," reviewing documents, "answering questions and providing information dealing with Assignor and the claims," and appearing for depositions. By agreeing to submit themselves to discovery, the Assignors have essentially waived their Rule 1.351 argument, thereby failing to establish that the trial court's discovery order departed from the essential requirements of the law and/or caused irreparable harm. In fact, for the most part, the order that is challenged in this petition did little more than compel the Assignors to do what they previously agreed to do in their agreements with the Receiver, and the order expressly states that the Assignors have the "same protections obligations" that apply to parties.

As a final point, there is no evidence in the record or in the briefs filed in this action indicating that Mayer Brown has failed to accommodate any genuine issues presented by the Receiver or any of the Assignees with respect to discovery requests. "Procedural due process requires both fair notice and a real opportunity to be heard." *Keys Citizens for Responsible Gov't, Inc. v. Fla. Keys Aqueduct Auth.*, 795 So. 2d 940, 948 (Fla. 2001). Here, the record evidence demonstrates that the Receiver is in an adequate position to reasonably apprise the Assignors of any impending discovery requests, and that it has done so. The fact that the Assignors entered into an assignment contract, in which they explicitly agreed to comply with any discovery requests sent to them by the Receiver, further obviates any notice concerns.

## Conclusion

Because the trial court's discovery order did not depart from the essential requirements of the law, and because the Receiver and the Assignors have failed to show the order to compel will cause material injury or irreparable harm, we deny the petition. The assignment contract requires the Assignors to assist in discovery, and so Rule 1.351 is inapplicable to the facts of this case. Furthermore, there are no notice or due process violations here. The record shows that the Receiver can adequately contact the Assignors to produce discovery, and has in fact already done so. Accordingly, Mayer Brown is entitled to discovery from the Assignors, just as if the Assignors had brought this action themselves on their own claims.

*Petition denied.*

GERBER, C.J., concurs.
WARNER, J., dissents with opinion.

WARNER, J., dissenting.

I would grant the petition, as the trial court departed from the essential requirements of law in asserting jurisdiction over persons who were not brought before the court in accordance with the rules or statutes. However, based upon the agreement between the non-parties who assigned their claims in this litigation to the Receiver, the trial court can compel the Receiver to produce the assignors, the failure of which could result in the striking of the recalcitrant assignor's claim.

As noted in the majority, in the proceedings, Mayer Brown sought discovery from the Assignors. Specifically, it propounded to Receiver requests to produce documents of assignors and also attempted to schedule their depositions without the necessity of subpoenas. Receiver argued the Assignors were non-parties. Therefore, Mayer Brown was required to comply with the Rules of Civil Procedure for the production of documents or depositions from non-parties. Mayer Brown moved to compel the Receiver to produce the documents and to arrange for depositions of the individual assignors. Should the Receiver fail to do so, Mayer Brown requested that Receiver not be allowed to pursue the assignors' claims. Only the Receiver was served with notice of the motion and hearing on it.

6

The trial court granted Mayer Brown's motion, but it vastly expanded it to hold that Assignors were "parties" to the proceeding for discovery purposes. The court ordered:

> Assignors shall be treated as parties to the case for discovery purposes in producing documents and appearing for deposition, and shall respond to notices of deposition and document requests directed to the Assignors as if the Assignors were parties to the case, with the same protections and obligations applying to the Assignors as apply to parties.

Receiver filed this petition for certiorari contending that the court had departed from the essential requirements of law, causing irreparable harm not remediable on appeal, as the assignors were never brought before the court before being declared parties to the proceeding for discovery.

I would hold that the trial court departed from the essential requirements of law. Assignors were never brought before the court by subpoena and had no notice of the motion to compel. As such, without notice or opportunity to be heard, they have been subject to the jurisdiction of the Florida courts. This is a denial of due process. *See Dep't of Children & Families v. T.S.*, 154 So. 3d 1223, 1226 (Fla. 4th DCA 2015) ("Notice and an opportunity to be heard are the hallmarks of due process.")

The Rules of Civil Procedure provide for the production of documents and depositions of non-parties. *See generally* Fla. R. Civ. P. 1.310, 1.350. Depositions of non-parties require the service of a subpoena. *See* Fla. R. Civ. P. 1.410. A non-party who disobeys a subpoena can be held in contempt. *See* Fla. R. Civ. P. 1.410(f). A subpoenaed non-party can also be liable for costs and attorney's fees for failing to comply with discovery. *See* Fla. R. Civ. P. 1.380(a)(4). However, there is no provision in the rules to make non-parties subject to the jurisdiction of the court, and thus, its authority to sanction, without some service of process or subpoena.

The trial court relied on federal cases which have treated assignors as parties so as not to frustrate discovery. *See Natta v. Hogan*, 392 F.2d 686, 691 (10th Cir. 1968); *see In re Infant Formula Antitrust Litig.*, No. MDL 878, 1992 WL 503465, at *9 (N.D. Fla. Jan. 13, 1992); *see Compagnie Francaise D'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 34 (S.D.N.Y. 1984). These cases all allowed discovery because the courts found that the assignors were the real parties in interest in the litigation.

There is no statute or rule in Florida which permits the trial court to deem real parties in interest, not joined as actual parties in an action, as subject to the jurisdiction of the court for purposes discovery. In *North Ridge Medical Plaza v. Tenet Healthcare Corporation*, 719 So. 2d 1014, 1015 (Fla. 4th DCA 1998), we held that a beneficial owner of property or a real party in interest must be subpoenaed for deposition. The trial court's ruling is directly contrary to *North Ridge*.

We are not at liberty to change our rules and statutes to achieve a desired result. Therefore, the trial court's order deeming these assignors as subject to the court's jurisdiction departs from the essential requirements of law.

The court would have been within its jurisdiction to grant the relief that Mayer Brown requested in its motion. Each assignor had agreed in its assignment to cooperate with the Receiver with respect to discovery, including production of documents and appearing at a deposition and trial. Thus, there was a contractual relationship between the Receiver and Assignor with respect to discovery in the case. Mayer Brown sought to compel the Receiver to produce documents from the assignors and to depose the assignors. Given the Receiver's obligation to provide discovery as a party and the assignor's contractual obligation with the Receiver, the trial court could compel the Receiver to produce documents or the assignor for deposition, and if the Receiver failed to do so, the assignor's claim may be dismissed from the suit. This would be consistent with the rules and with due process. The assignor would not be personally subject to sanctions, costs, or attorney's fees without due process of law, yet Mayer Brown would have a method to enforce discovery obligations against the Receiver.

For the foregoing reasons, I dissent from the denial of the petition for writ of certiorari.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

8