# Third District Court of Appeal
## State of Florida

Opinion filed May 7, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1850
Lower Tribunal No. 22-23838-CA-01
_____

**Raul Suarez, et al.,**
Petitioners,

vs.

**Courtney Alexander, et al.,**
Respondents.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Beatrice Butchko Sanchez, Judge.

Sastre Saavedra & Epstein, PLLC, Richard C. Kearley III, and Michael A. Sastre, for petitioners.

Kula & Associates, P.A., Elliot B. Kula, and W. Aaron Daniel, for respondents.


Before LINDSEY, MILLER, and GORDO, JJ.

MILLER, J.

Petitioners, Raul Suarez and CWC Transportation, LLC, the defendants in a personal injury action, seek a writ of certiorari quashing a discovery order that granted, in part, a motion to compel better answers and responses to expert witness discovery filed by respondent, Courtney Alexander, a plaintiff in the lawsuit.[1]  Material to this proceeding is that the order requires nonparty witnesses to execute and notarize answers to interrogatories and defendants to provide any information regarding the experts' financial relationship with the defendants and their attorneys and insurance carriers.

"It is well settled that to obtain a writ of certiorari, there must exist '(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.'"  Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 822 (Fla. 2004) (quoting Bd. of Regents v. Snyder, 826 So. 2d 382, 387 (Fla. 2d DCA 2002)).  "Irreparable harm required by the second and third elements is jurisdictional and must be found before considering whether there has been a departure from the essential requirements of the law." Skelly v. Skelly, 277 So. 3d 1087, 1089 (Fla. 5th DCA 2019).  "A ruling constitutes a departure from the essential requirements of law when it

---

[1] Plaintiff Robert Miller is an additional respondent.

amounts to a violation of a clearly established principle of law resulting in a miscarriage of justice." Clay County v. Kendale Land Dev., Inc., 969 So. 2d 1177, 1180 (Fla. 1st DCA 2007) (quotation marks and citation omitted).

Florida Rule of Civil Procedure 1.340 governs interrogatories. It authorizes the service of interrogatories on "the plaintiff . . . and on any other party . . . ." Fla. R. Civ. P. 1.340(a)(2). The rule does not extend to nonparties. Nonparties, "including a party's attorney, may be examined only by deposition." Fla. R. Civ. P. 1.340 author's comment to 1967 amendment.

Consistent with this plain language, Florida courts have found that requiring a nonparty to respond to interrogatories constitutes a departure from the essential requirements of law, causing irreparable harm. See Parker v. James, 997 So. 2d 1225, 1226–27 (Fla. 2d DCA 2008); Broward County v. Kerr, 454 So. 2d 1068, 1069 (Fla. 4th DCA 1984). The underpinning rationale is that imposing such a burden "could have a 'chilling effect' on a party's ability to obtain [experts] willing to testify." Allstate Ins. Co. v. Boecher, 733 So. 2d 993, 997 (Fla. 1999) (quoting Elkins v. Syken, 672 So. 2d 517, 522 (Fla. 1996)).[2]

---

[2] In Boecher, the Florida Supreme Court concluded that neither its prior decision in Elkins nor Florida Rule of Civil Procedure 1.280 precluded a plaintiff from obtaining discovery from a defendant regarding the defendant's use and compensation of its testifying expert. See Boecher, 733 So. 2d at 997. The Elkins court approved this court's en banc decision in Syken v.

Here, the order contravenes rule 1.340 because it requires the nonparty experts to "execute and notarize" interrogatory answers. Although Parker, Kerr, and their progeny involved the service of interrogatories directly on nonparties, this is a difference without a distinction. Designating defendants as the intermediaries imposes the same burden and achieves the same result as authorizing the service of interrogatories directly on the nonparty experts.

As to the secondary issue of financial bias discovery, "[t]he discovery requests were directed to [d]efendants[] but sought information in the possession of their experts, lawyers, and insurer[s], who were not named as defendants in the action." Angeles-Delgado v. Benitez, 300 So. 3d 263, 263–64 (Fla. 3d DCA 2019). The order requires defendants to furnish "any" information relating to the experts' financial relationship with defendants, their attorneys, and insurers. This expansive language necessarily encompasses any financial and business records. Absent a finding of

---

Elkins, 644 So. 2d 539, 547 (Fla. 3d DCA 1994), which quashed an order ratifying broad discovery requests propounded directly upon medical experts. See Elkins, 672 So. 2d at 518. At issue was a compilation of extensive financial bias materials, including private tax returns. Id. Our court concluded that "[t]he production of the information ordered in the cases before us causes annoyance and embarrassment, while providing little useful information." Syken, 644 So. 2d at 545. Elkins served as the basis for later amendments to rule 1.280 circumscribing the proper scope of discovery.

4

unusual or compelling circumstances, this type of production exceeds that authorized under Elkins, Boecher, and rule 1.280 and creates a palpable risk of cat-out-the-bag disclosures.  See Horne v. K-Mart Corp., 558 So. 2d 1079, 1080 (Fla. 4th DCA 1990).  Accordingly, we are constrained to grant the petition and quash those portions of the order discussed herein.

Petition granted.  Order quashed, in part.